LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com


Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MUNDAY; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br> vs.<br><br>WORKOUT ANYTIME ILLINOIS, INC., an Illinois corporation; ERIC NAGLE; and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><u>DEMAND FOR JURY TRIAL</u><br><br><br>Judge ----------------<br>Magistrate Judge --------------- |

   Now Comes Plaintiff, Michael Munday ("Plaintiff Munday") by and through his undersigned attorney, Michael L. Fradin, and brings this action on behalf of himself and all others similarly situated, based upon personal knowledge as to himself and his activities, and on information and belief as to all other matters, against Defendant, Workout Anytime Illinois Inc. ("Defendant WA Illinois") and its owner, Eric Nagle ("Defendant Nagle"), collectively "Defendants," and alleges as follows:

**<u>INTRODUCTION</u>**

   1.  Plaintiff brings this case against Defendants for willfully violating the Fair Labor Standards Act ("FLSA") and a myriad of Illinois labor laws. Plaintiff brings the FLSA claims as a collective action to seek, among other things, past-due wages and an equivalent amount in

liquidated damages for putative class members who opt-in. Plaintiff brings the supplemental Illinois claims to recover broader remedies unavailable in FLSA actions and will seek to certify those state-law claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). It is well-settled in this jurisdiction that Rule 23 class actions can be combined (i.e., coexist) with collective actions brought under the FLSA. *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-79 (7th Cir. 2011).

## PARTIES

### A. Plaintiff

2.      Plaintiff is a resident of the State of Illinois and was employed by Defendants at their "Workout Anytime Naperville South" facility (located at 2835 Showplace Drive, Naperville, Illinois 60564) as a Personal Trainer from about October 2018 until approximately December 10, 2018.

### B. Plaintiffs in General

3.      Plaintiff will serve as an adequate, typical, and active participant and class representative for the proposed FLSA and Illinois Classes. Plaintiff shares the same title, duties, and was affected by Defendants' illegal wage practices in the same way as proposed members of the FLSA and Illinois Classes.

4.      Defendants have actual and constructive knowledge that Plaintiff and others were performing work for which they were not paid the minimum wage, and at times performing work for which they were not paid **any** wage.

5.      Defendants have actual and constructive knowledge that Plaintiff and others were working more than 8 hours in a single day, but were not paid one and a half times their regular rate of pay for this overtime work.

6.      Defendants have actual and constructive knowledge that they engaged in the systematic practice of unlawfully deducting uniform costs from the wages earned by Plaintiff and others in order to illegally pass the cost of uniforms onto employees.

7.      Defendants have actual and constructive knowledge that they violated a verbal contract with Plaintiff and others when they made false employment promises to Plaintiff and others by promising them a wage at the time of hiring that was considerably higher than the wage Plaintiff and others actually received upon beginning their employment with Defendants.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

8.      Plaintiff has consented to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. The consent to join for Plaintiff is attached hereto as Exhibit A.

**C. Defendants**

9.      Defendant Workout Anytime Illinois, Inc. is an Illinois-based corporation. Plaintiff's paystubs state that Defendant WA Illinois' corporate headquarter is located at 8550 S. Harlem, Ste. G, IL 60455.

10.      Defendant Eric Nagle is the owner of Workout Anytime Illinois, Inc. Defendant Nagle owns Workout Anytime locations in the Illinois area.

11.      While Defendant Nagle owns at least one Workout Anytime location under the corporate title "Workout Anytime Illinois, Inc.," it is unclear under what corporate title or designation the other Workout Anytime locations owned by Defendant Nagle exist. Thus, the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOE 1 through 10 are unknown to Plaintiff, who therefore sue these Defendants by fictitious names. Plaintiff further alleges that each of these fictitious defendants is in some manner responsible for the acts and occurrences herein set forth. Plaintiff will amend this Complaint to show these Defendants' true names and capacities when ascertained, as well as the manner in which each fictitious Defendant is responsible.

12.      Defendant Nagle has substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein and is an employer of the personal trainers as defined by the FLSA, IWPCA, and IMWL. Nagle has control over the day-to-day business operations of the corporate Defendants' Workout Anytime Illinois locations.  Among other things, Nagle has authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures.  Nagle controls the "purse strings" of his Workout Anytime locations, including those operated through the corporate Defendants: he has authority to sign the corporate checks without limitation as to amount, provides funds to purchase goods, as well as to pay employees, and has authority to sign on the checking accounts from which Plaintiffs were paid.

13.      At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing,

disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices. Defendants are the "employer" of Plaintiff and similarly situated employees as that term is defined by the FLSA, the IMWL, and the IWPCA. At all relevant times, Defendants have been and continue to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA. Defendant's gross revenue exceeds $500,000 per year.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 16(b) of the FLSA, 29 U.S.C. § 216(b). In addition, this Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims derive from the same common conduct that led to violations of the FLSA; that is, the FLSA and Illinois claims all derive from the same common nucleus of operative facts. 28 U.S.C. § 1367.

15. Jurisdiction and venue as to Defendants are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367, and 216(b) of the FLSA, 29 U.S.C. § 216(b).

## GENERAL ALLEGATIONS

### A. Workout Anytime Illinois, Inc.

16. Workout Anytime Illinois, Inc. is a franchise of Workout Anytime, Inc. Workout Anytime, Inc. is a Georgia-based corporation that franchises out "Workout Anytime" branded fitness centers at over 100 locations throughout the United States, including the locations owned and operated by Defendant Nagle, such as the Workout Anytime Naperville South location, where Plaintiff was employed.

17. Defendants employ Personal Trainers in several fitness centers throughout Illinois. According to the website of Defendant WA Illinois' franchisor, Workout Anytime, Inc., the mission of Workout Anytime locations is "to provide the most convenient, first class fitness experience, open every hour of every day, with the best equipment, superior service and cleanliness, in a neighborhood atmosphere where everyone knows your name." Defendant Workout Anytime touts itself to be "leading the wave of the fastest-growing fitness segment by applying their winning formula of Quality, Value and Convenience." Defendants, however, achieved their particular financial success by intentionally engaging in a deceitful scheme to not pay Personal Trainers for work performed through a myriad of tactics, including, but not limited to, 1) underpaying Personal Trainers in comparison to the wage they were told they would

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

receive when they accepted employment with Defendants; 2) failing to accurately maintain records of the time Plaintiff and others worked; 3) not paying Personal Trainers for significant portions of the work they performed, including, but not limited to, consultations Personal Trainers conducted with potential clients (referred to as "assessments" by Defendants); 4) not paying Personal Trainers an overtime wage for hours worked in excess of 40 hours in a single workweek; and 5) unlawfully deducting the costs of uniforms from Personal Trainers' pay.

**B. Defendants failed to maintain accurate records of all hours worked by Plaintiff and other similarly situated employees, as required by the FLSA and Illinois state law, leading to a variety of FLSA and Illinois labor law violations—namely wage theft**

18. Defendants did not keep accurate records of Personal Trainers' hours worked each workday or workweek. These records are critical for both employees and employers, because an employer's "failure to keep accurate records can obscure a multitude of minimum wage and overtime violations." *See Wirtz v. Mississippi Publishers Corp.*, 364 F.2d 603 (5th Cir. 1966). This is precisely what happened in this case. Defendants intentionally engaged in a uniform practice of not accurately recording hours worked by Personal Trainers of their regular rate of pay so as to obscure the payment of minimum and overtime wages to these employees.

19. A proximate cause of Defendants' failure to keep accurate records of the time Plaintiff and others worked is the fact that Defendants did not utilize a reasonable time keeping system.

20. Defendants did not have Plaintiff and others keep track of their own hours, meaning Defendants did not implement a system by which Plaintiff and other employees manually clocked-in and clocked-out of work (either through a computerized system or a paper system). Instead of implementing a reasonable clock-in and clock-out system, Defendants relied on generally young and inexperienced front desk employees (not Personal Trainers) to record Plaintiff's and other employees' work hours. The individuals that Defendants hired to work at the front desk were often inattentive, and at times not even present, when Plaintiff and other Personal Trainers were conducting work-related activities and duties, resulting in the hours recorded by Defendants being largely inaccurate. The severity of the failure to properly and accurately record hours worked by Plaintiff and others is intensified by the fact that Defendants' Workout Anytime locations are open 24 hours per day—meaning in this case there are more hours to be accounted for than a case for a business that is only open 8 or 12 hours per day.

21.     Defendants' failure to maintain accurate time records results in a presumption against Defendants that the records, if produced, would support Plaintiff's claim that wages are owed. *Reich v. Southern New England Telecommunications Corp.*, 121 F.3d 58 (2d Cir. 1997). In the absence of records, anecdotal evidence by Personal Trainers estimating the time they spent working is admissible to establish how many hours the employees worked. *Reich v. Waldbaum Inc.*, 833 F. Supp. 1037 (S.D. N.Y. 1993), *rev'd on other grounds*, 52 F.3d 35 (2d Cir. 1995); *Mabee v. White Plains Publishing Co.*, 41 N.Y.S.2d 534 (N.Y.S. 1943).

22.     As explained by the Supreme Court, when an employer fails to keep adequate employment records, an employee makes a *prima facie* case under the FLSA if the employee produces "sufficient evidence to show the amount and extent of [his] work as a matter of just and reasonable inference." Plaintiff can meet his burden of proof by establishing that a representative sample of the Personal Trainers performed work for which they were improperly compensated and by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson, supra*, 328 U.S. 680; *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) ("Since *Dukes* and *Comcast* were issued, circuit courts including this one have consistently held that statistical sampling and representative testimony are acceptable ways to determine liability."); *Secretary of Labor v. DeSisto*, 929 F.2d 789 (1st Cir. 1991).

23.     A considerable portion of Plaintiff's job responsibilities including conducting "assessments" with potential clients. These assessments were an attempt to market and sell Defendants' services and facilities to potential customers. These assessments typically consisted of Plaintiff and other Personal Trainers leading the potential clients in a workout and/or personal training session, as well as explaining and marketing the rest of the gym's facilities to the potential client. Defendants specifically implemented and maintained a policy by which Plaintiff and other Personal Trainers were not paid for this labor. Personal Trainers were required to conduct these assessments on a regular basis (varying based on how much business Defendants were doing at the particular Workout Anytime location) and they often took more than one hour to complete.

24.     Defendants also gave Plaintiff contradictory information regarding how he and other Personal Trainers were to be compensated for their work. While Plaintiff was explicitly told by representatives of Defendants that his employment as a Personal Trainer was not

commission-based work, Defendants employ a near-incomprehensible "Personal Trainer Compensation Plan" that includes language discussing hourly rates, bonuses, and commissions. Attached to this Complaint as Exhibit B is a copy of the "Personal Trainer Compensation Plan" Plaintiff received from Defendants dated November, 2018.

25. Because Defendants intentionally failed to properly and accurately maintain records of Personal Trainers work hours and because Personal Trainers were frequently required to perform work off the clock for no pay, Personal Trainers were at times required to work more than 40 hours in a single workweek, but were not paid an overtime wage for these hours.

## C. Defendants made illegal deductions from Personal Trainers' wages in order to pay for uniforms

26. Defendant Workout Anytime also employs an illegal scheme of deducting uniform costs from Personal Trainers' wages in order to pass on business costs to Personal Trainers. By deducting these business costs from Personal Trainers' wages, Defendants increased their profits, but illegally diminished Personal Trainers' wages, violating Illinois state law. Illinois state law (specifically 820 ILCS 115/9 and IL Admin Code 300.700-930) requires express written agreement **at the time of the deduction** in order for uniform deductions to be considered lawful. In this case, Defendants acquired no such express written consent from Plaintiff and other Personal Trainers for the uniform deductions. Attached to this Complaint as Exhibit C is a copy of a paystub Plaintiff received from Defendant Workout Anytime Illinois, Inc. which shows an illegal deduction from Plaintiff's pay for the cost of work uniforms.

27. Defendants knew or should have known that Plaintiff and others were having their hours improperly recorded, resulting in them performing work for which they were not receiving at least minimum wage (and at times they were preforming work for which they received no wage at all), performing work in excess of 40 hours in a single workweek for which they were not paid the lawful overtime rate, and having unlawful deductions made from their wages to pay for business costs that Defendants incurred in the normal course of doing business (i.e. deductions for uniform costs).

## D. Defendants made false promises regarding wages to Plaintiff at the time of hiring

28. Plaintiff was told at the time of his hiring by Defendants' managers and representative that he would "make no less than $15 to $17 per hour" while working for Defendants—even when performing work activities and duties outside of directly training clients

and leading workout sessions. Plaintiff was told that he had would have opportunities to increase his rate of pay (to upwards of $30 per hour) beyond the $15 to $17 per hour he was promised would be the absolute floor of his **hourly rate**.

29.     Plaintiff accepted an employment contract with Defendants based on the reasonable belief that he would be paid, at minimum, $15 to $17 per hour for each hour he worked for Defendants.

30.     To Plaintiff's surprise, the first check he received from Defendants showed that he was only being paid $8.25 for his hourly rate. Despite being promised $15-$17 per hour as a minimum, Plaintiff would be paid $8.25 as an hourly rate for the remainder of the time he spent working for Defendants.

31.     Plaintiff worked for Defendants for several months at a considerably lower rate than what he was promised.

**E.  Facts Common to All Class Members**

32.     The job duties of Personal Trainers are virtually identical at all Workout Anytime locations owned and operated by Defendants. Any differences in job activities between the different individuals in these positions were and are legally insignificant to the issues presented by this action. The same policies, procedures, and compensation plan applied to all Personal Trainers. As such, the policies, practice and procedures are uniformly applied to Personal Trainers which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law.

33.     Defendants neither kept accurate records of all the hours worked by Personal Trainers, nor did it provide them with wage statements or paystubs setting forth all hours actually worked at the correct rate of pay.

34.     Defendants regularly, uniformly, systematically, and unlawfully deducted business costs (uniform costs) from the wages of its Personal Trainers without express written consent.

35.     Defendants regularly, uniformly, and systematically failed to pay Personal Trainers the minimum wage for each and every hour worked.

36.     Defendants regularly, uniformly, and systematically required Personal Trainers to work more than 40 hours per week, but did not pay them overtime.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

37.     In light of the above allegations, Plaintiff and other Personal Trainers were not and have not been paid all wages due to them. Defendants' unlawful scheme has resulted in "wage theft." Plaintiff has brought this action to recover for himself, and all other similarly situated employees of Defendants, the wages pilfered by Defendants.

## FLSA CLASS DEFINITIONS AND ALLEGATIONS

38.     Plaintiff brings the Claims for Relief for violations of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff bring the FLSA action on behalf of himself and all members of the following the class (the "FLSA Class") comprised of:

**A. FLSA Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature performing substantially identical functions and/or duties, currently or formerly employed by Defendants during any period of time between February 14, 2016 and the present.

39.     Plaintiff and the members of the FLSA Class are similarly situated in that they have substantially similar job classifications, job duties, job requirements, and were subject to Defendants' common practice, policy, or scheme of willfully and unlawfully deducting business costs from Personal Trainers' wages, forcing them to work off the clock, failing to accurately record the hours that Personal Trainers worked, and not paying Personal Trainers the overtime rate for work performed in excess of 40 hours in a single workweek.

40.     Claims for Relief for violations of the FLSA may be brought and maintained as "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of Plaintiff are similar to the claims of the members of the FLSA Class.

41.     The names, addresses and telephone numbers of the members of the FLSA Class are available from Defendants. Notice should be provided to the members of the FLSA Class via first class mail to their last address known as soon as possible.

42.     Plaintiff seeks to recover damages for the FLSA Class for the three years prior to the initial filing of the complaint applying all tolling periods.

## ILLINOIS CLASS DEFINITION AND RULE 23 ALLEGATIONS

43.     Plaintiff brings the Claims for Relief for violations of Illinois' employment laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following class (the "Illinois Class") comprised of:

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**A.**

**1. IMWL Class**

All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature performing substantially identical functions and/or duties, currently or formerly employed by Defendants in the State of Illinois during any period of time between February 14, 2016 and the present.

**2. IWPCA Class**

1. All individuals in positions, job titles, job codes, job classifications, or job descriptions of "Personal Trainer" and all other similar nomenclature performing substantially identical functions and/or duties, currently or formerly employed by Defendants in the State of Illinois during any period of time between February 14, 2009 and the present.

**B. Rule 23 Allegations**

**i. Numerosity (Rule 23(a)(1))**

44.     The Illinois Class is numerous such that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that Defendants employed dozens, if not hundreds, of persons who satisfy the definition of the Illinois Class.

**ii. Existence of Common Questions of Law and Fact (Rule 23(a)(2))**

45.     Common questions of law and fact exist as to Plaintiff and members of the Illinois Class including, but not limited to, the following:

a. Whether Defendants unlawfully failed to pay members of the IMWL Class the minimum wage for all hours worked in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*;

b. Whether Defendants unlawfully failed to pay members of the Illinois IWPCA Class compensation in violation of the Illinois Wage Payment and Collection Act (820 ILCS § 115/1, *et seq*.;

c. Whether Defendants unlawfully failed to keep and maintain accurate records of the hours worked by members of the Illinois Classes as required by applicable law;

d.  Whether Defendants unlawfully deducted business costs (uniform costs) without express written consent in violation of the IWPCA and/or IMWL;

e.  Whether Defendants made false and fraudulent promises to Plaintiff and others at the time of their hiring regarding their wages and compensation; and

f.  The damages sustained and the proper measure of restitution recoverable by members of the Illinois Classes.

### iii.  Typicality (Rule 23(a)(3))

46.     Plaintiff's claims are typical of the members of the Illinois Classes' claims. Plaintiff, like other members of the Illinois Classes, was subjected to Defendants' illegal scheme to maximize profits by depriving Personal Trainers of the basic minimum wage and overtime compensation, as well as other violations of Illinois labor law.

### iv.  Adequacy Rule (Rule 23(a)(4))

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Classes. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and Illinois labor and employment litigation.

### v.  Injunctive and Declaratory Relief (Rule 23(b)(2))

48.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the members of the Illinois Classes, making appropriate declaratory relief with respect to the members of the Illinois Classes as a whole.

### vi.  Predominance and Superiority of Class Action (Rule 23(b)(3))

49.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Classes predominate over any questions affecting only individual members of those classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived all Personal Trainers of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to dozens, if not hundreds, of individual trials. The damages suffered by individual members of the Illinois Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is

superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50.     Plaintiff intends to send notice to all members of the Illinois Classes to the extent required by Rule 23.

## CLAIMS FOR RELIEF

A. **FIRST CLAIM FOR RELIEF (Brought by Plaintiff on behalf of himself and the FLSA Class) – Against Defendants for violations of the Fair Labor Standards Act (FLSA), including, but not limited to, illegally deducting business costs (uniforms) from wages (29 U.S.C. § 206; 29 C.F.R. § 531.35); failure to pay the minimum wage (29 U.S.C. § 206) and; for failure to pay overtime wages (29 U.S.C. §§ 201, *et seq.*)**

51.     Plaintiff realleges and incorporates by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

52.     At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants employed "employee[s]," including Plaintiff and each member of the FLSA Class. At all relevant times, Defendants had gross operating revenues in excess of $500,000. Attached hereto as Exhibit A is the Consent to Join Form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.

53.     The FLSA is the nation's basic law governing wages and hours of work. The FLSA sets the minimum wage and contains standards as to when employers must pay overtime. The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the FLSA Class Period. The FLSA also requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek

54.     As set forth in detail above, Defendants engaged in a common practice or scheme to maximize profits by deducting uniform costs from Personal Trainers' wages. Thus, Personal Trainers' wages were also being diluted by illegal deductions, in addition to them not being paid for all hours worked, including overtime.

55. Defendants are engaged in business that involves employing hundreds of individuals, and should have known the requirements of the FLSA. Defendants should have known that their pay practices violated the FLSA. Defendants clearly have the resources to determine whether they are in compliance with the FLSA, but continued the illegal scheme due to the profits it gave them, instead of considering the welfare of its employees. That is, Defendants made a rational decision, based on a cost/benefit analysis, in which they concluded that it was more profitable to continue with the scheme, instead of complying with the law. Therefore, Defendants' willfully, voluntarily, deliberately and intentionally violated the FLSA and did not have a "good faith" belief they were in compliance with the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the 29 U.S.C. § 255(a).

56. By failing to pay Plaintiff and the FLSA Class at a rate not less than the minimum wage for all hours worked, Defendants violated the FLSA, 29 U.S.C. § 206. By failing to compensate Plaintiff and the FLSA Class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a). By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Plaintiff and the FLSA Class are entitled to past-due wages, an equivalent amount in liquidated damages, costs, and attorneys' fees, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**B. <u>SECOND CLAIM FOR RELIEF</u> (Brought by Plaintiff on behalf of himself and the Illinois Class) – Against Defendants for violations of the Illinois Minimum Wage Law (820 ILCS 105/1), including, but not limited to, failing to provide accurate wage statements and failing to notify employees of the rate of pay at the time of hiring**

58. Plaintiff realleges and incorporates by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

59.     Defendants knowingly and intentionally failed to accurately record the total hours worked, as well as the applicable hourly rates for each hour worked, to Plaintiff the Illinois Class as required by the Illinois Minimum Wage Law (IMWL).

60.     820 ILCS 105/8 requires employers to notify employees of the rate of pay at the time of hiring and to provide accurate wage statements to employees, as well as maintain a proper and accurate record of the hours they worked.

61.     Defendants have failed to comply with their obligation to keep and maintain accurate records of all the hours worked by Personal Trainers in violation of the IMWL. Such failure caused Plaintiff and the Illinois Class to suffer injury by, among other things, impeding them from knowing the amount of wages to which they were and are entitled to.

62.     Plaintiff and the Illinois Class are entitled to seek injunctive relief requiring Defendants to comply with the IWPCA.

**C.  THIRD CLAIM FOR RELIEF (Brought by Plaintiff on behalf of himself and the Illinois Class) – Against Defendants for violations of Illinois Wage Payment and Collection Act (820 ILCS 115/1), including, but not limited to, illegally deducting uniform costs from employees' wages**

63.     Plaintiff realleges and incorporates by this reference each of the proceeding and foregoing paragraphs as if fully set forth herein.

64.     820 ILCS 115/9 states in relevant part, "deductions by employers from wages or final compensation are prohibited unless such deductions are 1) required by law; 2) to the benefit of the employee; 3) in response to a valid wage assignment or wage deduction order; or 4) made with the express written consent of the employee, given freely at the time the deduction is made."

65.     By engaging in this automatic (without express written consent) deduction of uniform costs from Personal Trainers' wages, Defendants were able to skim wages from employees for those pay periods during which Defendants made the unlawful deductions. This resulted, on many occasions, in reduced hourly pay, nonpayment of the minimum wage, and unpaid overtime because the wages were so diluted that Personal Trainers were making less than the minimum wage and not being paid overtime at the correct rate of pay.  Attached to this Complaint as Exhibit C is a copy of a paystub Plaintiff received from Defendant Workout Anytime Illinois, Inc. which shows an illegal deduction from Plaintiff's pay for the cost of work uniforms.

66.     This practice violates IWPCA by operating as an improper wage deduction and by failing in the employer's non-delegable duty to accurately record all hours worked.

67.     The result of the policy and practice caused damage in the underpayment of regular and overtime wages to Plaintiff and the Illinois Class.

68.     The underpayment of wages is fixed and ascertainable on a class-wide basis such that prejudgment interest on those wages is recoverable.

69.     The underpayment of wages and illegal deductions by their employer also entitles Plaintiff and the Illinois Class attorneys' fees as permitted by IWPCA.

**D.  FIFTH CLAIM FOR RELIEF (Brought by Plaintiff on behalf of himself and the Illinois Class) – Against Defendants for violations of Illinois Overtime Laws (820 ILCS 115/9)**

70.     Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

71.     Plaintiff and the Illinois Class were at all times subject to state laws and regulations protecting the employees and their entitlement to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified by the IMWL and applicable Illinois state law.

72.     Illinois state law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day. The IMWL establishes the fundamental right of all employees in the State of Illinois to be paid wages, including straight time and overtime, in a timely fashion for their work. This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

73.     As set forth above, Plaintiff and the Illinois Class were and are entitled to be paid overtime compensation for all overtime hours worked.

74.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and members of the Illinois Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

75.     In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest, then attorneys' fees may be awarded to Plaintiff and against Defendants under and other applicable law in part because:

      a.  A successful outcome in this action will result in the enforcement of important rights affecting the public interest by requiring Defendants to comply with the wage and hour laws of Illinois and to cease their unlawful business practice;

      b.  This action will result in a significant benefit to Plaintiff, the Plaintiff Classes, and the general public by bringing to a halt unlawful, unfair, deceptive, and misleading activity and by causing the return of ill-gotten gains obtained by Defendants;

      c.  Unless this action is prosecuted, members of the Plaintiff Classes and general public will not recover those monies, and many of Defendants' employees would not be aware that they were victimized by Defendants' wrongful acts and practices;

      d.  Unless this action is prosecuted, Defendants will continue to mislead their employees about the true nature of their rights and remedies under the wage and hour laws; and

      e.  An award of attorneys' fees and costs is necessary for the prosecution of this action and will result in a benefit to Plaintiff, the Plaintiff Classes, and to consumers in general by preventing Defendants from continuing to circumvent the wage and hour laws and frustrate the long-standing recognition by the State of Illinois and its courts that such statutes, as pled herein, are not merely a matter of private concern between employer and employee to be eviscerated by considerations of waiver, contributory negligence, good or bad faith, and private agreements. **Rather, the wage and hour statutes have been described as a matter of public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.**

## PRAYER FOR RELIEF

76.     WHEREFORE, Plaintiff, on behalf of himself and all members of the Plaintiff Classes he seeks to represent, prays for relief as follows:

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

a. For an order certifying that the First Claim for Relief of this Complaint may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims;

b. For an order certifying that the Second through Fifth claims for Relief be maintained as class actions pursuant to Rule 23 on behalf of the members of the Illinois Classes who were either employed or who performed work in the State of Illinois during the applicable time periods and that notice of the pendency of this action be provided to members of the Illinois Class;

c. Designation of Plaintiff as the Class Representative for the FLSA Class;

d. Designation of Plaintiff as the Class Representatives for the Illinois Classes;

e. Designation of Plaintiff's attorney as Class Counsel for both the FLSA Class and Illinois Classes;

f. A declaratory judgment that Defendants' practices complained of herein are unlawful under appropriate state law;

g. Appropriate equitable relief to remedy Defendants' violations of state law, including but not limited to an order enjoining Defendants from continuing its unlawful practices;

h. Restoration of all uniform costs, prior earned wages, and shortages improperly deducted or denied by Defendants;

i. For an award of unpaid minimum wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA and Illinois Labor laws.

j. For an award of unpaid Federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. §206;

k. For an award of unpaid Illinois minimum wages for each hour worked as required by Illinois labor laws;

l. All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. §§ 201 *et seq*., and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

m.  All appropriate state and federal statutory interest and penalties;

n.  An award of compensatory damages to the extent available, liquidated damages pursuant to the FLSA, and restitution to be paid by Defendants according to proof;

o.  Unpaid overtime premium compensation as provided by Illinois law for overtime hours worked;

p.  Damages, penalties, interest, and attorneys' fees pursuant to applicable laws;

q.  For an order that Defendants make restitution to Plaintiff and the Illinois Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to Illinois labor laws;

r.  Pre-Judgment and Post-Judgment interest, as provided by law;

s.  Such other equitable relief as the Court may deem just and proper; and

t.  Attorneys' fees and costs of suit, including expert fees and fees pursuant to Illinois Labor Laws, Illinois Code of Civil Procedure, Illinois Supreme Court Rules, and other applicable state laws and as permitted by the FLSA.

## **DEMAND FOR JURY TRIAL**

77.  Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he each has a state and/or federal constitutional a right to jury trial.

DATED: February 14, 2019                              Respectfully submitted,


                                                        s/ *Michael L. Fradin*
                                                        Attorney for Plaintiff

                                        LAW OFFICE OF MICHAEL L. FRADIN
                                                     Michael L. Fradin, Esq.
                                                     8401 Crawford Ave. Ste. 104
                                                             Skokie, IL 60076
                                                     Telephone: 847-986-5889
                                                     Facsimile: 847-673-1228
                                                     Email: mike@fradinlaw.com